UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL L. BROADNAX,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00276-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINITFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 19)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

**Relevant Background**

Plaintiff Cottrell L. Broadnax ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983.

Plaintiff initiated this action with the filing of a complaint before the United States District Court, Northern District of California, on February 18, 2025. (Doc. 4). The action was transferred to this Court on March 4, 2025. (Docs. 5, 7).

On April 28, 2025, the undersigned ordered Plaintiff to show cause in writing "**within 14 days** of the date of service of [the] order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules[.]" (Doc. 19 at 3). In the show cause order, the undersigned noted that Plaintiff previously was admonished to file an application to proceed *in*

*forma pauperis* ("IFP") or to pay the filing fee to maintain this action on two occasions—first, on March 5, 2025, when he was ordered to either file a completed application or pay the filing fee within 45 days (Doc. 9) and again on April 3, 2025, when the Court issued its second screening order and reminded Plaintiff therein to comply with the Court's order (Doc. 15 at 8). (*Id.* at 1, 2). The undersigned further noted Plaintiff filed a deficient application to proceed *in forma pauperis* on April 4, 2025 (Doc. 17) and therefore he failed to either submit a proper application to proceed *in forma pauperis* or pay the filing fee. (*Id.* at 2). Plaintiff was provided the opportunity to alternatively comply with the order by filing within 14 days of the order either a completed and signed application to proceed *in forma pauperis* (attached thereto) pursuant to 28 U.S.C. § 1915 or pay the $405.00 filing fee. (*Id.* at 3). Plaintiff was forewarned that "**[a]ny failure … to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to prosecute**." (*Id.*) (emphasis in original).

Because Plaintiff failed to file a response to the Court's show cause order and has failed to either file a completed and signed application to proceed *in forma pauperis* or to pay the filing fee, and the time to do so has expired, the undersigned will recommend that the Court dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey court orders and local rules.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

2

1  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
2  rules).

3  Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff
4  fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule 41(b)
5  dismissal . . . requires a court order with which an offending plaintiff failed to comply." *Applied*
6  *Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks,
7  citation, and footnote omitted).  The Court must analyze five factors before dismissing a case
8  pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the
9  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
10 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
11 *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*,
12 291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding what to do and are not
13 conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA)*
14 *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

15 **Discussion**

16 Here, Plaintiff has failed to comply with the Court's orders and Local Rules.  Plaintiff has
17 filed no response to the Court's order to show cause nor has he either filed a completed and signed
18 application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or paid the $405.00 filing
19 fee, and the time to do so has passed.  There are no other reasonable alternatives available to address
20 Plaintiff's failure to respond and otherwise obey this Court's numerous orders to file a compliant
21 application to proceed *in forma pauperis* or pay the filing fee.  Thus, the first and second factors—
22 the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor
23 of dismissal.  *Carey*, 856 F.2d at 1440.

24 The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal
25 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
26 action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed
27 further without Plaintiff's participation to prosecute the case by filing a completed and signed
28 application to proceed *in forma pauperis* or by paying the filing fee to proceed before the Court.

3

1  The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.
2  Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal.
3  *Carey*, 856 F.2d at 1440.

4  The fourth factor usually weighs against dismissal because public policy favors disposition
5  on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor
6  lends little support to a party whose responsibility it is to move a case toward disposition on the
7  merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228.
8  Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed
9  to comply with this Court's orders and the Local Rules, and is thus impeding the progress of this
10 action. Therefore, the fourth factor — the public policy favoring disposition of cases on their
11 merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

12 Finally, the Court's warning to a party that failure to obey the court's order will result in
13 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
14 Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Any failure**
15 **by Plaintiff to timely comply with this order will result in the recommendation that this action**
16 **be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to**
17 **prosecute**." (Doc. 19 at 3) (emphasis in original). Plaintiff was adequately forewarned that the
18 failure to timely respond to the show cause order could result in terminating sanctions.

19 Because Plaintiff has failed to comply with this Court's orders and Local Rules, and in so
20 doing is failing to prosecute his case, the undersigned will recommend dismissal of this action
21 without prejudice.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute this case and to comply with a court order and the Local Rules; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 20, 2025**                             _____
                                                                          UNITED STATES MAGISTRATE JUDGE